IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01863-PAB

VANESSA VIGIL,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER REVERSING THE ADMINISTRATIVE LAW JUDGE**
_____

This matter comes before the Court on plaintiff Vanessa Vigil's complaint [Docket No. 3], filed on August 6, 2009. Plaintiff, through counsel, seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

On June 6, 2007, plaintiff filed for disability benefits under the Act. R. at 73-80. She alleged a disability onset date of December 1, 2006. R. at 73. After plaintiff's claim was denied at the initial level, R. 38-40, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 9, 2008. R. at 19-37. On April 15, 2009, the ALJ determined that plaintiff was not disabled within the meaning of the Act. R. at 18. Plaintiff appealed this decision to the Appeals Council, who

denied review. R. at 1-3. Therefore, the ALJ's denial stands as the Commissioner's final decision on this matter. Plaintiff filed a timely appeal with this Court, making the Commissioner's final decision reviewable. *See* 42 U.S.C. § 405(g) (2006); *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the Court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in his decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for

reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### B. The ALJ Decision

In her April 15, 2009 decision, the ALJ reached step four in the sequential five-step analysis. At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since December 1, 2006, her alleged onset date. R. at 14. At step two, the ALJ determined that plaintiff had the following severe impairments: depression with intermittent explosive disorder, and polysubstance abuse disorder in partial remission. *Id.* At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. R. at 15. The ALJ then turned to the task of determining plaintiff's RFC and found that plaintiff had the residual functional capacity to perform "a full range of work at all exertional levels but with the following nonexertional limitations: she should have no more than occasional interaction

with supervisors, co-workers, and the general public." R. at 15. In applying this RFC at step four, the ALJ found the plaintiff was able to perform her past relevant work as a food service worker and a flagger. R. at 18. Based on her step four findings, the ALJ concluded that plaintiff had not been under a disability, as defined by the Act, from December 1, 2006 through April 15, 2009, the date of her decision. *Id.*

### C. Development of the Record

Plaintiff makes a number of objections to the ALJ's decision, including the argument that the ALJ erred by formulating plaintiff's RFC despite rejecting all the pertinent medical evidence in the record. The ALJ found that the record was nearly devoid of any evidence relating to plaintiff's mental health, other than a Colorado Department of Human Services "Med-9" form and a report from consulting examiner Dr. Carlos Rodriguez . *See* R. at 17. Dr. Rodriguez is a psychologist. R. at 16. Dr. Rodriguez's report diagnosed plaintiff with major depression, posttraumatic stress disorder, alcohol/cocaine abuse, and intermittent explosive disorder (provisional). R at 153. Dr. Rodriguez opined on the Med-9 form that plaintiff was unable to work for six months or more due to these disabling mental impairments. R. at 154-55. The ALJ found that the report and the Med-9 forms were "obviously insufficient" to show plaintiff was disabled because Dr. Rodriguez "did no actual testing." R. at 17. The ALJ afforded no weight to Dr. Rodriguez's opinion in the Med-9 form because Dr. Rodriguez "saw the claimant only one time and is not a treating source" and because Dr. Rodriguez based his opinion "on subjective reporting as no testing was done." *Id.* The

ALJ concluded that there were "no other opinions set forth for [the ALJ] to adopt or refute." *Id.*

Because the ALJ's formulation of plaintiff's RFC was not based on any medical evidence present in the record, it cannot have been based on substantial evidence. *See Lamb v. Barnhart*, 85 F. App'x 52, 57 (10th Cir. 2003) (finding ALJ erred by rejecting treating physician's opinion that plaintiff could not perform sedentary work and then concluding that plaintiff could perform light work in the absence of any other examining physician's opinion as to her exertional limitations). The Commissioner acknowledges that the only medical evidence in the record, Dr. Rodriguez's opinion, "was not a true medical opinion." Docket No. 17 at 22. The Commissioner bears an affirmative duty to develop the record. *Lamb,* 85 F. App'x at 57. ("[A]n ALJ must ensure that a sufficient record exists to evaluate [the claimant's] exertional and nonexertional limitations." (citing SSR-96-8p, 1996 WL 374184, *5 (July 2, 1996))). This duty is not triggered where sufficient evidence exists in the record to make a disability determination. *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008). But here, once the ALJ determined that Dr. Rodriguez's report was insufficient because Dr. Rodriguez did not perform any testing, the ALJ was obligated to either recontact Dr. Rodriguez for more information or order a second consultive examination. *See* 20 C.F.R. § 416.912(e), (f) ("When the evidence we receive from . . . [a non-treating] medical source is inadequate to for us to determine whether you are disabled, we will need additional information to reach a determination or a decision . . . We will first recontact [the medical source] to determine whether the additional information we need

is readily available . . . If the information we need is not readily available . . . we will ask you to attend one or more consultive examinations at our expense").

The Commissioner argues that the ALJ did not err in deriving plaintiff's RFC without relying on a medical source, citing *Bernal v. Bowen*, 851 F.2d 297 (10th Cir. 1988). However, *Bernal* is distinguishable. In *Bernal*, "the record [was] completely devoid of any evidence seriously challenging the ALJ's final determination regarding the severity of [plaintiff's] impairments or the appropriateness of the RFC assessment given by the ALJ" and the ALJ's decision was "amply supported by the medical reports and the record." *Id.* at 302. Here, the only medical report and opinion in the record contradicted the ALJ's assessment of plaintiff's RFC. Thus, the Commissioner's citation to *Bernal* is inapposite in this case.

Despite the Commissioner's broad latitude in deciding when to order a consultive examination, the agency has a responsibility to order such an examination when the claimant meets her burden of showing "evidence sufficient to suggest a reasonable possibility that a severe impairment exists" and the ALJ finds that "such an examination [would be] necessary or helpful to resolve the issue of impairment." *Hawkins v. Chater*, 113 F.3d 1162, 1166-67 (10th Cir. 1997). Here, the ALJ found the consultive examiner's report was insufficient, but nonetheless did not order a second consultive examination. The ALJ failed to make reasonable efforts to obtain an acceptable opinion from a qualified health professional and, instead, proceeded to formulate plaintiff's RFC without substantial evidence. *See Adkins v. Barnhart*, 80 F. App'x 44, 48 (10th Cir. 2003) (reversing finding of no disability where there was a "total lack of

evidence" about plaintiff's limitations and therefore "the ALJ could not make any RFC determination"). Because the ALJ formulated plaintiff's RFC without any supporting medical evidence, the Court finds that the ALJ's decision is not supported by substantial evidence and, therefore, the case must be remanded.[1]  *See Angel*, 329 F.3d at 1209.

## III.  CONCLUSION

For the foregoing reasons, the Court concludes that the Commissioner's finding that the plaintiff is not disabled under the Act is not supported by substantial evidence and must be reversed.  Accordingly it is

ORDERED that the decision by the Commissioner that the plaintiff is not disabled is REVERSED.  This case is REMANDED to the Commissioner for additional proceedings in accordance with this Order.

DATED March 24, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] Because the Court finds that plaintiff is correct that the ALJ's RFC finding was not supported by substantial evidence and the ALJ erred by not developing the record, the Court need not address plaintiff's other arguments.